FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JAN 13 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DWAYNE M. REID, et al.

                Plaintiffs,

    -against-

NASSAU COUNTY SHERIFF'S
DEPARTMENT, et al.,

                Defendants.
----------------------------------------------------X

ORDER
13-CV-1192 (SJF)(WDW)

FEUERSTEIN, District Judge:

By Order dated May 20, 2013, (the "Consolidation Order"), *inter alia*: (a) eleven (11) complaints brought by incarcerated *pro se* plaintiffs pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the conditions at the Nassau County Correctional Center ("NCCC") were consolidated for all purposes to proceed under the lead case, <u>Reid, et al. v. Nassau County Sheriff's Deparment, et al.</u>, No. 13-CV-1192; and (b) all subsequently filed *pro se* actions relating to the subject matter of the consolidated action were directed to be consolidated under the lead case docket number. Currently there are eleven (11) complaints consolidated under the lead case docket number.

Mail sent by the Court to the following four (4) plaintiffs in the consolidated action have been returned as undeliverable: Daquan Wagner (Doc. No. 68); Kevin Lee Benloss (Doc. Nos. 7, 9, 22 and 67); Fernando Cazares (Doc. No. 65); and Guillermo Torres (Doc. No. 64). In addition, by letter dated December 20, 2013, defendant Armor Correctional Health Services of New York, Inc. ("Armor") advised the Court that it has been unable to serve plaintiff Guillermo Torres ("G. Torres") with certain documents because its mail to G. Torres was returned and marked "Discharged" and "Return to Sender."[1] (Doc. No. 62). None of those plaintiffs have notified the Court or Armor of

---

[1] Of the four (4) plaintiffs whose mail has been returned to the Court as undeliverable, only G. Torres asserted any claims against Armor.

a change of address or otherwise provided updated contact information.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Mercedes v. New York D.O.C., No. 12 Civ. 2293, 2013 WL 6153208, at * 2 (S.D.N.Y. Nov. 21, 2013) ("A plaintiff has a general obligation to prosecute his case diligently and to keep the court apprised of his current mailing address * * *."); Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). The above-named plaintiffs cannot proceed with their claims unless the Court and defense counsel are able to contact them to, *inter alia*, obtain discovery, serve motions and schedule trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 5924378, at * 2 (S.D.N.Y. Nov. 29, 2011), report and recommendation adopted by 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached."); Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012); see also Mercedes, 2013 WL 6153208, at

2

\*2 (holding that if a *pro se* litigant fails to apprise the court of his current mailing address, "the court may dismiss the action under Rule 41(b), for failure to prosecute.")

Accordingly, Daquan Wagner, Kevin Lee Benloss, Fernando Cazares and Guillermo Torres must each serve and file an affidavit **on or before February 18, 2014** providing the Court with a new address and telephone number at which he can be contacted.

**THE ABOVE-REFERENCED PLAINTIFFS ARE ADVISED THAT A FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THAT PLAINTIFF'S CLAIMS BEING DISMISSED IN THEIR ENTIRETY WITH PREJUDICE PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties to the consolidated action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein<br>
Sandra J. Feuerstein<br>
United States District Judge

Dated: January 13, 2014
Central Islip, New York