FILED
CLERK
4/6/2015 4:28 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOVANY HENRIUS, *et al*.

        Plaintiffs,

-against-        ORDER
                                      13-CV-1192 (SJF)(SIL)

"JOHN DOE," Superintendent of Nassau
County Jails, *et al*.,

        Defendants.
------------------------------------------------------X
FEUERSTEIN, United States District Judge:

      By Order dated May 20, 2013, (the "Consolidation Order"), *inter alia*: (a) eleven (11) complaints brought by incarcerated *pro se* plaintiffs pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the conditions at the Nassau County Correctional Center ("NCCC") were consolidated for all purposes to proceed under the lead case, <u>Reid, et al. v. Nassau County Sheriff's Deparment, et al.</u>, No. 13-CV-1192; and (b) all subsequently filed *pro se* actions relating to the subject matter of the consolidated action were directed to be consolidated under the lead case docket number. Currently there are twenty (20) complaints consolidated under the lead case docket number.

      Mail sent by the Court to the following six (6) plaintiffs in the consolidated action has been repeatedly returned to the Court as undeliverable: Fernando Cazares (Doc. Nos. 148, 179, 180, 210 212, 245 and 247); Guillermo Torres (Doc. Nos. 209, 214, 232 and 242); Keith Crews (Doc. Nos. 137, 140, 143, 151, 172, 173, 201, 207, 224 and 235); Triandos C. Walker (Doc. Nos. 145, 146, 154, 174, 191, 203, 211, 231 and 241); Marc Jasmin (Doc. Nos. 144, 152, 170, 171, 199, 208, 227 and 233); and Keith Kendrick (Doc. Nos. 200, 206, 225 and 234). None of those plaintiffs have notified

1

the Court of a change of address or otherwise provided updated contact information to the Court.[1]

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, No. 13-cv-5074, 2015 WL 1298654, at * 2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Burney v. Rivera, No. 12-cv-4962, 2014 WL 2123087, at * 2 (E.D.N.Y. May 21, 2014) ("All plaintiffs, whether represented or proceeding *pro se*, are obligated to notify the court when they change addresses." (quotations, brackets and citation omitted)). The above-named plaintiffs cannot proceed with their claims unless the Court and defense counsel are able to contact them to, *inter alia*, obtain discovery; serve motions and notice of entry of orders; and schedule depositions, conferences and trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 5924378, at * 2 (S.D.N.Y. Nov. 29, 2011), report and recommendation adopted by 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached."); Coleman v.

---

[1] Moreover, this is the second time consolidated plaintiffs Fernando Cazares and Guillermo Torres have been remiss in their obligation to notify the Court of any change of address or other contact information. (See Doc. No. 72).

2

Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012); see also Mercedes v. New York D.O.C., No. 12-cv-2293, 2013 WL 6153208, at * 2 (S.D.N.Y. Nov. 21, 2013) (holding that if a *pro se* litigant fails to apprise the court of his current mailing address, "the court may dismiss the action under Rule 41(b), for failure to prosecute.")

Accordingly, Fernando Cazares, Guillermo Torres, Keith Crews, Triandos C. Walker, Marc Jasmin and Keith Kendrick must each serve and file an affidavit **on or before May 11, 2015** providing the Court with a new address and telephone number at which he can be contacted.

**THE ABOVE-REFERENCED PLAINTIFFS ARE ADVISED THAT A FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THAT PLAINTIFF'S CLAIMS BEING DISMISSED IN THEIR ENTIRETY WITH PREJUDICE PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties to the consolidated action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated:      April    , 2015
              Central Islip, New York