FILED
CLERK
3/24/2016 1:33 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOVANY HENRIUS, et al.

                Plaintiffs,

     -against-                                 13-CV-1192 (SJF)(SIL)

COUNTY OF NASSAU, et al.                **OPINION and ORDER**

                Defendants.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

     Pending before the Court is, *inter alia*, the motion of defendant Anthony J. Annucci ("Annucci"), as the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), to dismiss all claims asserted against him by consolidated plaintiff Anthony Tedesco ("Tedesco") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although Tedesco was served with Annucci's motion on October 16, 2014, he has not filed any response to the motion, nor sought an extension of time to do so. For the reasons set forth below, Annucci's motion is granted to the extent set forth herein.

I.     BACKGROUND

     A.     Factual Background

     Tedesco was confined at the NCCC as a pretrial detainee from on or about March 23, 2011 through April 6, 2012, and as a convicted prisoner from on or about August 3, 2012 through December 5, 2012. (Tedesco Compl. at 1, ¶ 4). Tedesco challenges, *inter alia*, various conditions purportedly existing at the NCCC during his incarceration there as being unsanitary

and/or otherwise injurious to his health and safety. The only factual allegation in Tedesco's complaint that specifically refers to Annucci is that Annucci "is and was at all relevant times . . . the New York State Commissioner of Corrections for the State of New York, with responsibility for operating and maintaining detention, penal and corrective institutions within the State of New York, including Nassau County Correctional Center ["NCCC"]." (Tedesco Compl., ¶ 1).

Tedesco seeks, *inter alia*, (1) judgment declaring that defendants "have acted in violation of the United States Constitution[;]" (2) an injunction prohibiting defendants "from repeating such action as described in [his] complaint to [him] and or any person, inmate, at [the NCCC];" and (3) compensatory damages in the amount of one million dollars ($1,000,000.00), "cosmetic damages" in the amount of two hundred fifty-thousand dollars ($250,000.00), "indeterminate damages" in the amount of one million dollars ($1,000,000.00), and punitive damages in the amount of ten million dollars ($10,000,000.00). (Tedesco Compl., at 31-32).

B. Procedural History

On or about February 11, 2014, Tedesco commenced an action in this Court pursuant to 42 U.S.C. § 1983 against Annucci and/or his predecessor as the "New York State Commissioner of Corrections," among other defendants, which was assigned docket number 14-cv-1054. By order dated April 22, 2014, Tedesco's action was consolidated with the case assigned docket number 13-cv-1192, which is now called Henrius v. County of Nassau ("the Henrius case")[1], the

---

[1] At the time Tedesco's complaint was consolidated, the lead case was entitled Reid v. Nassau County Sheriff's Department, et al. The name was subsequently changed after Reid's claims were dismissed in their entirety with prejudice pursuant to an order dated August 20, 2014. (Doc. No. 149 in lead case).

lead case in a number of consolidated cases challenging similar conditions of confinement purportedly existing at the NCCC that were commenced on or after February 28, 2013.

Annucci now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all claims asserted against him by Tedesco.

II.	DISCUSSION

   A.	Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013).  However, this tenet "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679, 129 S. Ct. 1937.  "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 729-30 (2d Cir. 2013).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the

complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014).

Moreover, although a *pro se* complaint "must be construed liberally to raise the strongest arguments it suggests[,] * * * [it] must state a plausible claim for relief." Nielsen v. Rabin, 746 F.3d 58, 93 (2d Cir. 2014) (quoting Walker v. Schult, 717 F.3d 119, 124 (2d Cir.2013) (internal citations, quotation marks, and brackets omitted)).

### B. Claim for Prospective Injunctive Relief

Initially, since Tedesco was transferred from the NCCC in December 5, 2012, and was released from prison on January 30, 2014, (Tedesco Compl., "Parties" at 1), any injunction "prohibit[ing] defendant'(s) [sic] from repeating such action as described in [his] complaint," (id., "Prayer for Relief" at 1), "would afford no legally cognizable benefits to him" and thus, that claim for injunctive relief is moot. Muhammad v. City of New York Dep't of Corr., 126 F.3d 119, 123 (2d Cir. 1997) (finding that the appeal was moot because the injunctive relief sought by the plaintiff "would afford no legally cognizable benefits to [him]" since he was "no longer imprisoned within the DOC system." (quotations and citation omitted)); see also Rhodes v. Stewart, 488 U.S. 1, 4, 109 S. Ct. 202, 102 L. Ed. 2d 1 (1988) (finding that a claim for injunctive relief against prison authorities was moot where one of the two plaintiff-prisoners had died and the other had been released); Khalil v. Laird, 353 F. App'x 620, 621 (2d Cir. Nov. 19, 2009) (summary order) ("When [the plaintiff] was released from prison, he no longer had a continuing personal stake in the outcome of this action, and his claims [for declaratory and injunctive relief]

5

were rendered moot."); Douglas v. Hollins, 160 F. App'x 55, 56 (2d Cir. Dec. 19, 2005) (summary order) ("Because [the plaintiff] has been released from prison, his request for injunctive relief is moot.") Accordingly, the branch of Annucci's motion seeking dismissal of Tedesco's claim seeking prospective injunctive relief as moot is granted and Tedesco's claim for prospective injunctive relief is dismissed in its entirety with prejudice as moot.

B. Official Capacity Claims

"The Eleventh Amendment bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sciences, 804 F.3d 178, 193 (2d Cir. 2015). It is well established both that Section 1983 does not constitute an exercise of Congress's authority to abrogate States' sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 342, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); Dube v. State Univ. of New York, 900 F.2d 587, 594 (2d Cir. 1990), and that the State has not waived its sovereign immunity from Section 1983 claims. See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 39-40 (2d Cir. 1977); Harrison v. New York, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015); Cotterell v. Gilmore, 64 F. Supp. 3d 406, 419 (E.D.N.Y. 2014). Accordingly, Tedesco's claims seeking damages against Annucci in his official capacity are barred by the Eleventh Amendment.

However, under what is commonly known as "the doctrine of Ex parte Young," the Eleventh Amendment generally does not bar suits against state officials acting in their official capacity seeking prospective relief, i.e., seeking "to enjoin a state official from taking official action claimed to violate federal law." Tsirelman v. Daines, 794 F.3d 310, 313-14 (2d Cir.

2015), cert. denied, 136 S. Ct. 811 (2016) (citing Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908)); accord Mary Jo C. v. New York State & Local Ret. Sys., 707 F.3d 144, 166 (2d Cir. 2013). Accordingly, "federal courts may hear claims for prospective injunctive relief, . . . but retroactive claims seeking monetary damages from the state treasury are barred by the Eleventh Amendment because, even if state officials are the nominal defendants, the state is the real party in interest[.]" Tsirelman, 794 F.3d at 314 (citations omitted).

"The doctrine of Ex parte Young, which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, is regarded as carving out a necessary exception to Eleventh Amendment immunity." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). "Moreover, the exception is narrow: It applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past. . . ." Id. Thus, "[i]n determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (quotations, brackets and citation omitted); accord Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255, 131 S. Ct. 1632, 179 L. Ed. 2d 675 (2011).

To the extent Tedesco seeks judgment declaring that defendants "have acted in violation of the United States Constitution," (Tedesco Compl., "Prayer for Relief" at 1), he is clearly seeking retroactive declaratory relief that is barred by the Eleventh Amendment. See e.g., Levantino v. Skala, 56 F. Supp. 3d 191, 206-07 (E.D.N.Y. 2014) (holding that declaratory relief

7

"is barred by the Eleventh Amendment when it would serve to declare only past actions in violation of federal law; retroactive declaratory relief cannot be properly characterized as prospective." (quotations and citation omitted)). Likewise, Tedesco's remaining claims for injunctive relief, i.e., seeking an injunction "compelling defendant'(s) [sic] to reimburse [him] all present and future medical treatment for physical, psychological, and psychiatric damage [he] sustain [sic] as a direct result of the defendant'(s) [sic] actions described in [his] complaint . . . [and] to reimburse [him] all present and or future legal expenses pertaining to [his] complaint," (Tedesco Compl., "Prayer for Relief" at 1), do not seek prospective relief based upon ongoing violations of federal law and, thus, do not fall within the exception to Eleventh Amendment immunity under the Ex parte Young doctrine. Accordingly, the branch of Annucci's motion seeking dismissal of Tedesco's claims against him in his official capacity as barred by the Eleventh Amendment is granted to the extent that Tedesco's remaining claims against Annucci in his official capacity are dismissed in their entirety with prejudice as barred by the Eleventh Amendment.

B. Individual Capacity Claims

A Section 1983 claim must allege the personal involvement of an individual defendant in the purported constitutional deprivation. See Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015); Raspardo v. Carlone, 770 F.3d 97, 115, 116 (2d Cir. 2014); Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013). "An individual cannot be held liable for damages under § 1983 merely because he held a high position of authority, but can be held liable if he was personally involved in the alleged deprivation." Back v. Hastings On

8

Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quotations and citation omitted); see also Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) ("[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." (quotations and citation omitted)); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*. . . . Similarly, proof of linkage in the prison chain of command is insufficient." (quotations and citations omitted)). "Personal involvement can be established by showing that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring."

Littlejohn, 795 F.3d at 314 (quoting Back, 365 F.3d at 127); accord Grullon, 720 F.3d at 139. "In this Circuit, a 'direct participant' [in the constitutional violation] includes a person who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts personally." Terebesi v. Torreso, 764 F.3d 217, 234 (2d Cir. 2014), cert. denied, 135 S. Ct. 1842, 191 L. Ed. 2d 723 (2015).

"In addition to fulfilling one of th[e] requirements [for supervisory liability], a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." Littlejohn, 795 F.3d at 314 (quoting Raspardo, 770 F.3d at 116).

Tedesco has not alleged the direct participation of Annucci in any of the alleged

9

violations of his constitutional rights, nor any basis upon which to find Annucci liable in a supervisory capacity. Indeed, there are no factual allegations from which it may reasonably be inferred that Annucci was ever aware of the purported conditions of which Tedesco complains, or created a policy or custom under which the purported unconstitutional practices occurred. Accordingly, Tedesco's complaint fails to state a plausible Section 1983 claim against Annucci in his individual capacity. See, e.g. Grullon, 720 F.3d at 139 (affirming dismissal of the plaintiff's claims against the warden where the complaint "did not sufficiently allege the [w]arden's personal involvement in or awareness of the health, safety, and communications issues raised by [the plaintiff].") Thus, the branch of Annucci's motion seeking dismissal of Tedesco's claims against him in his individual capacity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and Tedesco's claims against Annucci in his individual capacity are dismissed in their entirety for failure to state a claim for relief.

III. CONCLUSION

For the reasons set forth above, Annucci's motion seeking dismissal of Tedesco's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted to the extent that Tedesco's claim for prospective injunctive relief is dismissed in its entirety with prejudice as moot; Tedesco's remaining claims against Annucci in his official capacity are dismissed in their entirety with prejudice as barred by the Eleventh Amendment; and Tedesco's claims against Annucci in his individual capacity are dismissed in their entirety with prejudice for failure to state a claim for relief. There being no just reason for delay, the Clerk of the Court shall enter judgment in favor of Annucci on Tedesco's claims against him pursuant to Rule 54(b)

of the Federal Rules of Civil Procedure. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all current parties to the consolidated action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

                                                             /s/
                                          Sandra J. Feuerstein
                                          United States District Judge

Dated: March 24, 2016
       Central Islip, New York