**FILED**
**CLERK**

4:44 pm, May 10, 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOVANY HENRIUS, *et al*.

              Plaintiffs,

    -against-

"JOHN DOE," Superintendent of Nassau
County Jails, *et al*.,

              Defendants.
-----------------------------------------------------X

ORDER
13-CV-1192 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court is the Order, Report and Recommendation of the Honorable

Steven I. Locke, United States Magistrate Judge, dated February 15, 2018 ("the Report"), *inter*

*alia*, (1) recommending that defendants' motion pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure for judgment on the pleadings as to consolidated plaintiff Sharod Williams

("Williams"), and the motion of defendants County of Nassau (the "County") and Michael J.

Sposato ("Sposato') to dismiss the claims of consolidated plaintiff Charles McClendon

("McClendon") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, be granted

without prejudice and with leave to re-plead to the extent set forth therein[1]; and (2) advising,

*inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court

within fourteen (14) days of receipt of th[e] report[,]" (Report at 24), and (b) that a "[f]ailure to

file objections within the specified time waives the right to appeal the District Court's order."

---

[1] Since, by order dated May 9, 2018, the claims of consolidated plaintiff David C.
Knudson ("Knudson") were dismissed in their entirety with prejudice pursuant to Rule 41(b) of
the Federal Rules of Civil Procedure for failure to prosecute, so much of the Report as
recommends that the County's and Sposato's motion for judgment on the pleadings as to
Knudson be granted in part and denied in part is moot.

1

(*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at * 2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)).  Pursuant to the Report, defendants served the Report upon Williams, Knudson and McClendon by mailing copies thereof to each of them at their address of record on February 16, 2018.  (*See* Docket Entry ["DE"] 491).  After the mailing to McClendon was returned to defendants as undeliverable, and McClendon subsequently filed a notice of change of address on March 12, 2018, (*see* DE 502), defendants again served, *inter alia*, the Report upon McClendon by mailing a copy thereof to him at his new address of record on March 23, 2018.  (*See* DE 503).

No party has filed any timely objections to the Report, nor sought an extension of time to do so.  Indeed, by letter dated February 20, 2018, counsel for defendants indicated, *inter alia*, that "defendants do not intend to file objections" to the Report.  (DE 493).  For the reasons set forth below, so much of Magistrate Judge Locke's Report as recommends that defendants' motion for judgment on the pleadings as to Williams, and the County's and Sposato's motion to dismiss the claims of McClendon, be granted without prejudice and with leave to re-plead to the extent set forth therein is accepted in its entirety.


I.      DISCUSSION

        A.      Standard of Review

        Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*.  28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court, however, is not required to review the factual

findings or legal conclusions of the magistrate judge as to which no proper objections are

interposed.  *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

Where a party "received clear notice of the consequences of the failure to object" to a report and

recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)

(quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892

F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial

review of the report."  *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d

Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a

violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F.

App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89

(2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000).  "Such discretion is

exercised based on, among other factors, whether the defaulted argument has substantial merit or,

put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting

party."  *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir.

2000); *accord Maitland v. Fishbein*, 712 F. App'x 90, 92 (2d Cir. Feb. 26, 2018) (summary

order).


B.      Review of Report

Since no party has filed any timely objections to Magistrate Judge Locke's Report, nor

sought an extension of time to do so, they have "waive[d] any further judicial review of the

findings contained in the [R]eport."  *Spence*, 219 F.3d at 174.  Moreover, as the Report is not

plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing

timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in

its entirety and, for the reasons set forth therein, defendants' motion for judgment on the

pleadings as to Williams, and the County's and Sposato's motion to dismiss the claims of

McClendon, are granted and Williams's and McClendon's claims in their original complaints are

dismissed in their entirety without prejudice and with leave to re-plead in accordance with the

Report.

Although Williams filed an amended complaint on April 6, 2018, and again on May 3,

2018, McClendon has not filed an amended complaint to date. McClendon must file an amended

complaint in accordance with the Report **by no later than June 11, 2018**, or he will be deemed

to have waived his right to file an amended complaint and his claims in this consolidated action

will be dismissed in their entirety with prejudice.


II.     CONCLUSION

For the reasons set forth herein, so much of Magistrate Judge Locke's Report as

recommends that defendants' motion for judgment on the pleadings as to Williams, and the

County's and Sposato's motion to dismiss the claims of McClendon, be granted without

prejudice and with leave to re-plead to the extent set forth therein is accepted in its entirety and,

for the reasons set forth therein, defendants' motion for judgment on the pleadings as to

Williams, and the County's and Sposato's motion to dismiss the claims of McClendon, are

granted and Williams's and McClendon's claims in their original complaints are dismissed in

their entirety without prejudice and with leave to re-plead in accordance with the Report.

McClendon must file an amended complaint in accordance with the Report **by no later than**

**June 11, 2018**, or he will be deemed to have waived his right to file an amended complaint and his claims in this consolidated action will be dismissed in their entirety with prejudice. Accordingly, the pretrial conference scheduled to be held before the undersigned on May 14, 2018 is adjourned to **July 19, 2018 at 11:15 a.m.** in Courtroom 1010 at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, New York 11722.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all remaining parties to the consolidated action, including Williams and McClendon, in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                      _____/s/_____

                                     SANDRA J. FEUERSTEIN
                                     United States District Judge

Dated: May 10, 2018
        Central Islip, New York